# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEO DION WASHINGTON, | ) |
| Plaintiff, | ) Case No. 17-cv-4081 |
| v. | ) Judge Sharon Johnson Coleman |
| ROBERT L. WILKIE, as Secretary, U.S. Department of Veteran Affairs, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Leo Dion Washington filed an Amended Complaint alleging discrimination on the basis of his age, color, race, sex, and disability and retaliation and harassment by his former employer, the U.S. Department of Veteran Affairs (the "VA"). The VA moves for summary judgment on all of Washington's claims, arguing that Washington abandoned his age and sex discrimination claims during the administrative process, that nine of the ten claims were untimely, and that he cannot state a prima facie case as to the other claims. The Court held oral argument on June 3, 2019. For the reasons stated herein, the Court grants the VA's motion for summary judgment [52].

**Rule 56.1 Statement**

While Washington did not file a response brief, he did file a response to the VA's Rule 56.1(a) Statement along with supporting exhibits. Washington did not clearly mark new facts that he included, so most of his response to the VA's Rule 56.1(a) Statement does not comply with Local Rule 56.1(b). Despite this, the Court exercises its discretion and accepts those new facts that Washington properly supported with citations to the record. However, the Court must also note that Washington did not dispute the vast majority of the facts that are supported by evidence and set

1

forth in the VA's Rule 56.1(a) Statement. Washington attempts to dispute the evidence, but fails to include relevant and admissible evidence supported by the record. *See Dade v. Sherwin–Williams Co.*, 128 F.3d 1135, 1139 (7th Cir. 1997) (referring to Local Rule 56.1's predecessor rule, the court affirmed the district court's taking as true uncontroverted facts alleged in the movant's statement and supported by references to the record); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). Thus, the Court deems admitted the following paragraphs of the VA's Rule 56.1 Statement: 1–14, 16–17, 19–64. The Court notes that Washington disputes the language that the VA used to summarize the administrative EEO claims he brought. Clearly the VA and Washington use different words, but the meaning is the same, so the Court finds there is no material dispute as to paragraph 18 of the VA's Rule 56.1(a) Statement.

**Background**

Washington is an African-American man who began his employment with the VA in 2003 as a GS-4 clerk. Over the years, he held several positions at VA facilities in Hines, Illinois, eventually being promoted to a GS-13 lead contract specialist position at the Hines VA National Acquisition Center ("VA NAC Hines") in October 2010.

In June 2013, Washington sought Equal Employment Opportunity ("EEO") counseling alleging that the VA discriminated against him on the basis of race, sex, age and mental disability, retaliated against him, and subjected him to harassment, based on nine incidents that allegedly occurred at his VA NAC Hines workplace three years earlier in June 2010. Washington filed a formal administrative complaint in July 2013. The VA denied Washington's claims as untimely, which Washington appealed. The EEOC Office of Federal Operations reversed the VA and remanded the case for further investigation by the VA. Following the remand, Washington added a tenth alleged workplace incident that occurred in April 2014.

Washington's administrative EEO claims were that during his employment between June 2010 and December 2011 and ongoing, he: (1) received discriminatory disciplinary counseling while an American male employee did not receive counseling for a similar workplace disturbance; (2) was discriminatorily assigned to a remedial course, but a European American male employee was not similarly assigned; (3) was subjected to a disciplinary detail; (4) was reassigned to segregated seating, while an African-American female was moved from the same area; (5) was reassigned to segregated seating, away from his Caucasian coworkers after he told the Chief of Contracting a Caucasian coworker had harassed him; (6) was segregated from interactions with other employees; (7) was subjected to defamatory actions affecting his professional wellbeing, but a European American employee who engaged in similar conduct was not; (8) was retaliated against for EEO participation and subjected to an ongoing discriminatory seating arrangement; and (9) was subjected to interference with his right to appeal. Washington later added a tenth allegation that his duties were increased on April 25, 2014.

While represented by counsel in the administrative EEO proceedings, Washington dropped his age and sex discrimination claims. After the EEO investigation, the VA moved for summary judgment on all of Washington's claims. The EEOC administrative judge granted the motion, finding that the nine 2010 claims were untimely, but regardless there was no merits evidence to support denying the motion on any of the ten claims listed above.

Despite filing an Amended Complaint in 2017 that alleged broader allegations, Washington testified at his deposition that his claims are limited to the ten above claims that he asserted during the administrative EEO proceedings. He further testified at his deposition that the first nine claims occurred before he sought EEO counseling in 2013 and did not happen again after June 2010.

As part of the investigation of Washington's allegation that his duties were increased in April 2014, the EEO investigator interviewed Jane Stroder, Washington's supervisor. Stroder testified

3

that Washington's duties did not change in April 2014 and that Washington had been managing the subcontracting plan for the VA for some time before Stroder became his supervisor. Stroder further testified that around that time Washington received one additional task that he been assigned to a more junior white, female contract specialist because that employee had been incurring a large amount of overtime. Washington and Stroder explained that Washington's GS-13 contract specialist position description encompassed the additional task. Washington also testified that there was no procedure or rule limiting the amount of work assigned to him and that there was an overall increase in workload in his unit in April 2014 that impacted all his co-workers. Washington remains employed at the VA NAC Hines as a GS-13 lead contract specialist.

**Legal Standard**

Summary judgment is proper when "the admissible evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *McGreal v. Vill. of Orland Park*, 850 F.3d 308, 312 (7th Cir. 2017), reh'g denied (Mar. 27, 2017) (internal citations and quotations omitted); Fed. R. Civ. P. 56(a). A genuine issue of material fact exists only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Although Washington, the non-moving party, fails to respond as set forth in Local Rule 56.1(b), the Court cannot automatically grant summary judgment, but still reviews the facts and draws all reasonable inferences in the light most favorable to the non-moving party. *See Cracco*, 559 F.3d at 632; *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("the Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure."). However, as noted above, the majority of the facts presented by the VA are undisputed.

4

**Discussion**

A federal employee who seeks to assert claims pursuant to Title VII or the Rehabilitation Act must exhaust the administrative remedies available to him in a timely fashion before he may assert his claims in a lawsuit. 42 U.S.C. § 2000e–16(c); *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001); *Edwards v. Donahoe*, 503 F. App'x 468, 471 (7th Cir. 2013). One administrative remedy a federal employee must pursue is initiating contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory. 29 C.F.R. § 1614.105(a)(1). Here, Washington first contacted a Counselor in June 2013, three years after the alleged events. There is no exception to this requirement because the VA also asserted their timeliness argument as a defense in the administrative proceedings. *See Fort Bend Cty., Texas v. Davis*, 139 S.Ct. 1843, 1849–50 (2019). The VA asserts additional arguments in support of granting summary judgment as to these nine claims; however, the Court does not address them in light of the timelines issues. Because Washington failed to exhaust his administrative remedies in a timely fashion, the Court dismisses claims I–IX without considering the merits of the claims. *See Edwards*, 503 F. App'x at 472; *Ester*, 250 F.3d at 1071.

The Court turns now to Washington's Claim X that his assigned duties were increased in April 2014. The Court only considers these claims as they relate to Title VII based on color and race and the Rehabilitation Act because he dropped his age and sex discrimination claims during his EEO proceedings. *See Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009) (holding that a federal employee complaining of employment discrimination under Title VII must exhaust his administrative EEO remedies concerning a given claim prior to filing suit).

To establish prima facie discrimination under Title VII, Washington has the initial burden to show that: (1) he is a member of a protected class; (2) his job performance met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) another similarly

5

situated individual who was not in his protected class was treated more favorably than him. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 895 (7th Cir. 2018). Under the Rehabilitation Act, Washington has the initial burden to establish that: (1) he is disabled within the meaning of the ADA; (2) he is qualified to perform the essential functions of the job with or without accommodation; and (3) he has suffered an adverse employment action because of his disability. *Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 683 (7th Cir. 2014); *Branham v. Snow*, 392 F.3d 896, 902 (7th Cir. 2004). For the purposes of summary judgment, the VA does not dispute the first two elements of either test.

The VA contends that Washington's claims fail under both Title VII and the Rehabilitation Act because there is no evidence that he has suffered an adverse employment action and because there is no evidence that a comparable VA employee outside of his protected class was treated more favorably.

An adverse employment action must "materially alter the terms and conditions of employment" and not be a "mere inconvenience or an alteration of job responsibilities." *Dass v. Chicago Bd. of Educ.*, 675 F.3d 1060, 1069 (7th Cir. 2012). "Such changes can involve the employee's current wealth, his career prospects, or changes to work conditions that include humiliating, degrading, unsafe, unhealthy, or otherwise significant negative alteration in the workplace." *Boss v. Castro*, 816 F.3d 910, 917 (7th Cir. 2016). It is undisputed that Washington's primary job responsibilities did not change in April 2014 and that he was given one additional task that fell under the umbrella of his job description. Washington suffered no disciplinary action, demotion, loss of pay, or any material alteration of his job responsibilities. Instead, Washington explained that the workload increased for all his co-workers in April 2014. Thus, Washington's complaint boils down to the VA's lack of procedures in place to handle the increased workload for all members in his unit. And, "harder work assignments do not constitute an adverse employment action." *Fane v. Locke*

*Reynolds, LLP*, 480 F.3d 534, 539 (7th Cir. 2007). Accordingly, Washington cannot establish a prima facie case of discrimination, and this Court need not consider further the VA's additional arguments in support of their motion regarding the discrimination claims.

Washington does not appear to be asserting a claim for harassment or a hostile environment under Title VII or the Rehabilitation Act. However, the undisputed evidence shows that Washington cannot maintain such a claim. Washington testified that he has not been harassed at his VA workplace and that he was able and willing to continue in his current position at the VA. Indeed, Washington continues to work in the same position now. Additionally, the alleged incidents were not severe or pervasive enough to alter the conditions of Washington's employment and create an abusive working environment. *See Ezell v. Potter*, 400 F.3d 1041, 1047 (7th Cir. 2005). Each of the allegations only occurred one time several years before Washington reported the alleged events. These undisputed facts are insufficient to maintain a claim for harassment or a hostile environment.

The VA also asserts that this Court should grant summary judgment on Washington's claim of retaliation in violation of Title VII and the Rehabilitation Act because Washington has not alleged an adverse employment action. Further, Washington cannot demonstrate a but-for causal link between his EEO activity and any action. "It is axiomatic that a plaintiff engage in statutorily protected activity before an employer can retaliate against" him for engaging in any such activity. *Durkin v. City of Chicago*, 341 F.3d 606, 614–15 (7th Cir. 2003). Here, Washington did not complain about the alleged incidents in June 2010 until three years later, so those activities cannot be considered retaliation. The additional work that Washington contends was retaliatory in April 2014 also is insufficient because the entire group experienced a heavy workload during that time period. Therefore, this Court grants summary judgment in favor of the VA on this issue.

**Conclusion**

Based on the foregoing, no genuine issue of material fact exists as to any of Washington's claims, and the VA is entitled to judgment as a matter of law. The Court grants the VA's motion for summary judgment [52] and dismisses Washington's complaint.

IT IS SO ORDERED.

Date: 8/22/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge